McGirk, C. J.,
delivered the opinion of the Court.
This is an action op the case on an endorsed promissory note, made by one Shope to G. Long; by him, after it became due, endorsed to Irvin, by Irvin endorsed to Maury, the plaintiff. The declaration shows the note was presented to the maker’s representative in due time, after the last endorsement; that it was not paid, and that (Irvin had d is notice thereof. There are two counts in the declaration ; the first on the endorsement mide by Irvin to Maury; the second for money lent, goods sold, &c. To the first count there is a general demurrer, the demurrer is overruled and judgment generally for the plaintiff-; to reverse which, this writ of error Í3 sued. The only question here is, can the endorsee of a promissory note sustain an action against his immediate'endorser? In the case of Hunter v. Hempstead, decided by this Court, it was decided that the action lay against a remote endorser; and, in Hunter ix. Price, the immediate endorser, the action was held to lie. íf those cases were right, the present case must he<3ecided for the defendant in error. ■It is, however, contended that the statute (Digest, 66) only authorizes the note to be’ ■assigned; that it only operates as a transfer of the payee-’s interest to the assignee, and that the act of assigning does not give a note a negotiable quality. The words ■of the statute are’: all bonds, hills and promissory notes, for money or property, shall lie assignable; it then gives th'e assignee power to sue in his own name, but says nothing respecting ¡the other consequences which can or might flow from the act cf *138 assignment. And the statute, in speaking farther, says, “ it shall be lawful for the person to whom the said bonds, bills or notes are assigned, made over and endorsed in his own name, to commence and prosecute his action,” &.e. The statute contemplates the transfer, not only by assignment, but by endorsement; or why speak of endorsement? To assign one’s interest in a thing, means to transfer or make it over to another. The statute does not undertake to define what an assignment of a promissory note is, nor how it is to be done. If, then, it is performed by an act known to the common law, the common law must define the consequences, unless otherwise defined. The act clearly contemplates, as to the manner of doing the act, an endorsement; foi', it says, made over or endorsed, and is to be understood as using the words assigned; made over and endorsed, when applied to a promissory note, as synonymous. A legal assignment imports a legal consideration for so doing ; an endorsement of a thing endorsable ; also, in law, -prima facie imports that the endorser lias received of the endorsee a ponsideration for parting with his chose in action, and the effects, of the transaction must be,, that the endorser undertakes that the money m'ontioned in the note will be paid according tu the tenor and effect thereof. If Ihe note is due when endorsed, he must be understood to undertake, the money has not been paid, and that it will be paid if called for; otherwise he would be practising a fraud, unless he parted with the note under special circumstances, which went to show the payment doubtful; then, evidence of that or any other thing, which would take 1he transaction out of the above rule, would give, in law, a different result. But independently of this statute, it seems once to have been understood as settled law, that, a promissory note, wlifen endorsed, became a hill, of exchange; or, at all events, was by common law negotiable. This was the case till disputed by Lord Holt, who, for some cause or other, entertained a struggle with the merchants of" Bombard street, whether tlie Court of King’s Bench, or the merchants of that street, should make the law. It appears by several cases, prior to the time of Holt, and even during his time it was considered law to sue the endorser of a note, in the same way the endorser of a bill of exchange might he sued, (see the note at the end of 1st Crunch.) Holt succeeded in overturning what had before been tlio law. - Parliament reversed him, by restoring the old law in form of. a statute, and thus the matter ended. In this Slate, the common law has been adopted, not the statute of Anne ; and, in pursuing the common law, and our statute, the action in this case will well iie-
Judgment affirmed with costs.